USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/21/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
KELVIN MARTINEZ,                                              :      16 Civ. 6135 (PAE)
                                                              :      13 Cr. 699 (PAE)
                        Petitioner,      :
                                                              :      OPINION & ORDER
            -v-                              :
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :
                        Respondent.      :
                                                              :
------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

      On February 20, 2014, a jury convicted petitioner Kelvin Martinez of (1) conspiring, from at least 2010 to and including on or about May 15, 2013, to distribute, and possess with intent to distribute, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; and (2) on May 15, 2013, possessing with intent to distribute 500 grams and more of mixtures and substances containing a detectable amount of cocaine, 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B). On July 24, 2014, the Court sentenced Martinez principally to the mandatory minimum sentence of 120 months' imprisonment required by the conspiracy count.

      Martinez has now filed a petition for relief pursuant to 18 U.S.C. § 2255, making a variety of arguments sounding in ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687–89 (1984) (requiring defendant claiming ineffective assistance to show both that counsel's performance fell beyond an objective standard of reasonableness *and* that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). This decision resolves—and denies—that petition.

The Court assumes familiarity with the facts and procedural history of this case, which are substantially as summarized in the Government's memorandum of law opposing Martinez's petition. Dkt. 75. The Court reviews the facts here only as necessary to respond to Martinez's discrete claims.

1. Martinez's first argument is that his counsel failed to inform him of a pretrial plea offer that the Government purportedly extended to him through his counsel. Petitioner's Brief ("Pet Br.") at 2. This argument fails because there is no competent evidence that any such offer was ever made.

The Government's counsel, Assistant United States Attorney Damian Williams, denies ever making any offer to accept a plea to a count carrying a five-year mandatory minimum sentence. Dkt. 75-9 ("Williams Decl."), ¶ 7. AUSA Williams explains why: The initial indictment charged Martinez with possession with intent to distribute 500 grams and more of cocaine based on Martinez's having been apprehended and with the Drug Enforcement Administration having found, during a search, cocaine in this quantity in Martinez's luxury car. But the Government thereafter continued to investigate. This included debriefing Pedro Brito, a distant relative of Martinez's who chronicled additional narcotics trafficking by Martinez, including kilogram-quantity cocaine transactions. *Id.* ¶ 5. Based on this evidence, the Government formed an intent to supersede the Indictment. On January 13, 2014, it did so, obtaining a superseding indictment adding the conspiracy count that carried a 10-year mandatory minimum. *Id.* ¶ 6.

The affidavits that Martinez's two successive lawyers have submitted, while chronicling various pretrial and trial events, do not claim, either, that such any plea offer was ever made to Martinez, let alone one in which the Government would have agreed to forgo pursuing a charge

carrying a 10-year mandatory minimum. The first lawyer, John Rieck, Jr., represented Martinez before trial, including at a hearing at which Martinez sought, unsuccessfully, to suppress the cocaine found in Martinez's automobile and at which Martinez asserted his actual innocence. Rieck represents that, before the return of the superseding indictment that added the conspiracy count, he had informed Martinez that he was then facing a mandatory minimum sentence of five years. Dkt. 84 at 16–17 ("Rieck Decl."), ¶ 8. That statement, when made, was accurate. The Government had not yet superseded the indictment based on Brito's information. Rieck, however, does not claim that the Government ever extended any plea offer to Martinez.

Martinez's second lawyer, Glen Garber, took over the representation several weeks before trial, after the superseding indictment. He attests that he promptly asked the Government to extend a plea offer carrying a five-year mandatory minimum sentence. However, Garber states, the Government was "unwilling to do so"; Garber understood that, after the superseding indictment, "the window of opportunity to obtain a plea offer to the lesser 21 U.S.C. § 841(b)(1)(B) [count] was foreclosed." Dkt. 84 at 11–13 ("Garber Decl."), ¶ 5; *see also* Williams Decl. ¶ 8 (attesting that on or about January 29, 2014, Garber asked whether Martinez could plead guilty to a single count carrying a five-year mandatory minimum sentence, and Williams said no).

There is, therefore, no factual basis for Martinez's claim of ineffective assistance of counsel. He cannot claim ineffective assistance of counsel based on the failure to convey to him a plea offer that did not exist. *See Diallo v. United States*, 2014 WL 4460364, at *4 (S.D.N.Y. Sept. 10, 2014); *Ortega v. United States*, 2012 WL 2478277 (S.D.N.Y. June 27, 2012).

2. Martinez's second claim of ineffective assistance fails for related reasons. He asserts that Reick failed to counsel him on the relative benefits of pleading guilty to an offense

3

carrying a five-year offense versus going to trial (and exposing himself to the risk of a mandatory 10-year sentence). This claim fails because there is no competent evidence that a plea offer was ever made to him that would have enabled Martinez to avoided exposure to a charge carrying a 10-year mandatory minimum sentence. Martinez relatedly claims that Reick never informed him of the 10-year maximum sentence that would apply if convicted on the conspiracy count. But even assuming *arguendo* the truth of this factual claim—and that Garber, too, failed to notify Martinez of the sentencing consequences of a conviction, a claim that Martinez does not make—it would not afford Martinez relief under *Strickland*, because there would be no prejudice to Martinez from this lapse: The alternative course that Martinez posits—pleading solely to a count carrying a five-year mandatory minimum sentence—was not available to him.

3. Martinez next faults Garber for failing to press claims at trial or on appeal as to drug weight. That claim is frivolous. Brito's testimony recounted multiple instances in which he and Martinez had participated in multi-kilogram cocaine transactions. That testimony easily supplied a sufficient basis for the jury's finding that Martinez had participated in a conspiracy involving at least five kilograms of cocaine. While Garber vigorously sought at trial to impeach Brito on that point, the jury was entitled to credit Brito's testimony. There was no legal basis at sentencing or on appeal to ask the Court to set aside the jury's finding.

4. Finally, Martinez faults Garber for not calling a defense chemist at trial. That claim is meritless, for the reasons stated by the Government in its memorandum of law. The purpose of such testimony, as envisioned by Martinez, would not have been to challenge the evidence of the cocaine recovered from Martinez's car. Rather, it would have been to adduce background facts about other controlled substances that were referenced in Martinez's text messages with Brito. As the Government recounts, the Court gave Garber substantial latitude on

cross-examination of the Government's chemist to probe these points, and Garber largely established them by that means. That Garber did not call an independent defense expert on this point was not an act of substandard lawyering, nor one that caused any prejudice to Martinez. On the contrary, viewing Garber's performance in totality, the Court's judgment was that Garber was both energetic and effective in Martinez's defense. This case is a far cry from one in which counsel's performance was ineffective.

For these reasons, the Court denies Martinez's petition pursuant to § 2255, and dismisses that petition. The Clerk of Court is respectfully directed to terminate the motions pending at No. 16 Civ. 6135, Dkt. 6, and No. 13 Cr. 699, Dkts. 73 and 87, and to close this case.

The Court declines to issue a certificate of appealability. Martinez has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: April 21, 2017
      New York, New York