UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :
  UNITED STATES                                               :
                                                              :          13-CR-699 (PAE)
                        -v-                                    :
                                                              :          ORDER
  KELVIN MARTINEZ,                                            :
                                                              :
                                Defendant.                    :
                                                              :
------------------------------------------------------------------------ X

PAUL A. ENGELMAYER, District Judge:

        The Court has received the attached correspondence from defendant Kelvin Martinez,

which the Court treats as a *pro se* motion for compassionate release.  To assure able briefing and

thoroughgoing consideration of the issues presented, the Court asks trial counsel for Mr.

Martinez to submit a memorandum of law in support of this application.  This letter is due

Tuesday, May 26, 2020.  The Government's response is due Thursday, May 28, 2020.  The

Court encourages Government and defense counsel to confer in advance of these submissions to

assure a full mutual understanding of the issues presented and arguments to be made.  The Clerk

of Court is directed to mail a copy of this order to Mr. Martinez.

        SO ORDERED.

                                                    *Paul A. Engelmayer*

                                                    Paul A. Engelmayer
                                                    United States District Judge

Dated: May 20, 2020
        New York, New York

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Kelvin Martínez,

Petitioner,

vs.                          Crim. No: 13-cr-699

United States of America,

Defendant
_____/

## MOTION FOR REDUCTION OF SENTENCE AND/OR
## COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c) (1) (B)

*COMES NOW*, Kelvin Martinez, hereinafter known as petitioner, in pro se

forma, respectfully submits the above motion for Reduction of Sentence and

Compassionate Release under 18 USC 3582 (c)(1)(B); after Congress passed the First

Step Act and the recently enacted Cares Act.  Petitioner has currently served **seven (7)**

years of his current sentence. In support thereof petitioner avers as follows:

1- Petitioner was found guilty in July 25, 2014, following a jury trial, convicting him of

conspiring to distribute and possess with an intent to distribute five kilograms or more

of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and of possessing with

intent to distribute 500 grams or more of cocaine, in violation of cocaine, in violation of

1

21 U.S.C. § 841(b)(1)(B). The district court sentenced petitioner to the mandatory minimum term of 120 months' imprisonment, to be followed by five years' supervised release. Petitioner sentence and conviction was affirmed in March 16, 2016. (USCA 2).

2- It is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings; which should be read 'to raise the strongest arguments that they suggest.' See, Harris *v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); see generally *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (per curiam). Pro se complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)

3- Petitioner avers, with the protections afforded in *Haines vs. Kerner,* since his sentence and conviction was imposed, the legal landscape has changed in significant ways, as the result of Congressional action. Most notably, in December 2018, the President signed into law the First Step Act of 2018 ("FSA" or "Act"). That "act was the culmination of several years of congressional debate about what Congress might do to reduce the size of the federal prison population while also creating mechanisms to maintain public safety." Congressional Research Service, "The First Step Act of 2018: An Overview" (Mar. 4, 2019), available at https://crsreports.congress.gov.

4- However, the First Step Act does not provide for retroactive relief. For all offenses other than those falling within the ambit of sections 2 and 3 of the Fair Sentencing Act, the sentencing reform provisions of the FSA benefit only individuals who were convicted following the effective date of the Act, i.e., December 21, 2018. See First Step Act §§ 401(c), 402(b), 403(b); *United States v. Contreras*, 332 F.R.D. 712, 713 (D.N.Mex.

2019). Thus, the changes made regarding the "stacking" of § 924(c) offenses are not retroactive. See *Baugh v. United States*, No. 16-cv-2628, 2020 WL 409728, at *5 n.5 (M.D.Tenn. Jan. 24, 2020), appeal filed, No. 20-5313 (6th Cir. Apr. 20, 2020). Another major change brought about by the First Step Act involves the availability of so-called "compassionate release." Prior to the enactment of the FSA, a court could revisit a previously-imposed sentence if the Bureau of Prisons ("BOP") filed a motion to reduce the sentence, and if the court concluded, based on criteria established by the U.S. Sentencing Commission, that "extraordinary and compelling reasons" warranted a sentence reduction. See 28 U.S.C. § 994(t), 18 U.S.C. § 3582(c)(1)(A).

5- One of the FSA's most significant changes concerning compassionate release is that motions for reduction of sentence under § 3582 can now be brought by the defendant, if certain conditions are met. Previously, defendants had to submit a petition to the BOP director, who could decide whether to file a motion in district court. See *United States v. Brown*, 411 F.Supp.3d 446, 448 (S.D. Iowa 2019) (citing United States Sentencing Guidelines Manual § 1B1.13 cmt. n.4 (2018)). If the director declined to do so, the defendant could not challenge that decision in federal court. See, e.g., *Orlansky v. FCI Miami Warden*, 754 Fed.Appx. 862, 866-67 (11th Cir. 2018) (stating that the BOP had "unreviewable discretion" in that regard) (quoting *Turner v. United States Parole Comm'n*, 810 F.2d 612, 618 (7th Cir. 1987)).

6- Now, defendants themselves may bring a motion for reduction of their sentence. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(I) permits a court to consider such a motion either when the motion is made by the BOP, as before, or "upon motion

3

of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id § 3582(c)(1)(A). Petitioner filed the appropriate remedy to the Warden. The Warden denied the relief on April 28, 2020

7- So it is clear that now, both the BOP and the defendant may file a motion for compassionate release. What is less so is whether and to what extent the FSA effected any changes with respect to how courts can or should decide motions under § 3582(c)(1)(A)(I), particularly whether courts are bound by the criteria established by the Sentencing Commission for determining what constitutes "extraordinary and compelling reasons" for sentence reduction.

8- Section 3582(c)(1)(A) provides that "the court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the un-served portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [concerning the factors to be considered in imposing a sentence] to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... ." Congress never defined what constitutes "extraordinary and compelling" reasons. Instead, Congress directed the Sentencing Commission to promulgate "the criteria to be applied and a list of specific" examples. See, 28 U.S.C. § 994(t).

9- Pursuant to Congress's direction, and prior to the First Step Act, the Sentencing Commission established four categories of circumstances in which, in the Commission's

view, "extraordinary and compelling reasons exist." U.S. Sentencing Guidelines
("USSG") Manual § 1B1.13 cmt. n.1 (U.S.S.C. 2018). Those relate generally to: the
defendant's medical condition; the defendant's age; the defendant's family
circumstances; and any other reason that the BOP director determines to be
extraordinary and compelling. Id. What circumstances might otherwise be deemed
"extraordinary and compelling" under that last, catch-all provision, were not further
clarified, but were left to the BOP director to determine. See *United States v. Rodriguez*,
No. 2:03-cr-271, 2020 WL 1627331, at 2 (E.D.Pa. Apr. 1, 2020). Those categories under the
USSG have not been updated since the FSA was enacted in 2018.

10- Courts have reached different conclusions about whether, in the wake of the FSA,
courts considering a § 3582(c) motion for reduction of sentence are limited to the four
sets of circumstances set forth by the Sentencing Commission. Some courts have held
that the FSA allows the court to grant such a motion only if the BOP director could have
done so under the law as it existed prior to the enactment of the FSA. In other words,
those courts conclude that judges' discretion is constrained by the Sentencing
Commission's previously established categories, and may not stray beyond the specific
instances listed in the Commission's comment to § 1B1.13. See, e.g., *United States v.
Willingham*, No. CR113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019); *United States
v. Lynn*, No. CR 89-72, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019), appeal
dismissed, 2019 WL 6273393 (11th Cir. 2019).

11- Other courts have taken a different view, concluding that courts are no longer
bound by the specific categories identified by the Sentencing Commission prior to the

enactment of the First Step Act. See, e.g., *United States v. Schmitt*, No. CR12-4076, 2020

WL 96904, at *3 (N.D.Iowa Jan. 8, 2020); *United States v. Beck*, No. 13-CR-186, 2019 WL

2716505, at *6 (M.D.N.C. June 28, 2019). Those courts appear to be part of a growing

consensus. See *United States v. Young*, No. 00-cr-00002, 2020 WL 1047815, at *6

(M.D.Tenn. Mar. 4, 2020) ("a majority of the district courts that have considered the

issue have ... held, based on the First Step Act, that they have the authority to reduce a

prisoner's sentence upon the court's independent finding of extraordinary or

compelling reasons") (citing cases).

12- Today, the defendant himself may bring a motion for relief, regardless of whether

the BOP director considers such relief appropriate. To say that the court is restricted to

the four sets of circumstances set out by the Sentencing Commission would essentially

nullify the fourth category as to motions brought by defendants, since the director's

failure to bring a motion presumably means that the director does not believe that any

extraordinary and compelling reason exists.

13- Such a result hardly seems consonant with Congress's intent in passing the First

Step Act. Notably, the title of the Act is "Increasing the Use and Transparency of

Compassionate Release." Simply by giving prisoners direct access to the courts, the Act

went some way toward achieving that end. But given the procedural hurdle that

defendants must clear–that the BOP first deny or fail to act on a request made to the

BOP–limiting the fourth criterion to the BOP director's judgment as to whether a

motion is warranted would hardly accomplish much. Courts have repeatedly noted that

motions for compassionate release have rarely been filed by the BOP. See *United States*

*v. Rivernider*, 2020 WL 597393, at *3 (D.Conn. Feb. 7, 2020); Brown, 411 F.Supp.3d at 450 (noting that the Act's title is "especially valuable" in evaluating Congress's intent in light of the BOP's long and criticized history of rarely granting compassionate-release petitions).

14- Pristinely clear, a First Step Act motion filed pursuant to 18 U.S.C. § 3582(c) (1) (B) is based on the **Act's own explicit statutory authorization**, rather than on any action of the Sentencing Commission. For this reason, such a motion falls within the scope of § 3582(c)(1)(B), which provides that a "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." This section contains no requirement that the reduction comport with U.S.S.G. § 1B1.10 or any other policy statement, and thus the defendant's eligibility turns only on the statutory criteria of each particular case. See, *Holloway v. United States*, No. 19-1035-cr (Court of Appeals Second Circuit) (April 2020).

15- For the above reasons, the courts have concluded that they are not bound by the USSG's statements concerning release. In particular, the fact that the BOP director has not found extraordinary and compelling reasons to exist does not constrain the court's ability to decide that question, independently. That is particularly so given the now-advisory nature of the Sentencing Guidelines. See *United States v. Gagne*, No. 3:18-cr-242, 2020 WL 1640152, at *3 (D. Conn. Apr. 2, 2020) (stating that "'extraordinary and compelling' circumstances may exist outside of those circumstances delineated by the U.S. Sentencing Commission, given the advisory nature of the guidelines, and their conflict with the statutory language of the First Step Act amendments") (citing *United*

*States v. Booker*, 543 U.S. 220 (2005)), appeal filed, No. 20-1169 (2d Cir. Apr. 8, 2020).

16- Further, Judges in the 2nd Circuit have recenlty ruled in favor of defendants under § 3582. See, United States v. Knox, No: 15-cr-455 (Judge Engelmayer granting relief and home confinement). See also, US v. Hernandez, No: 9-cr-834 ( decided March 25,2020).

17- As of April 16, 2020, SARS-COV-2, a novel coronavirus causing COVID-19, has infected over 2.1 million people worldwide, leading to at least 140,238 deaths, and 30,659 deaths in the United States. The President of the United States has declared a national emergency. Our country is still behind the curve on community testing, and we do not know the true extent of community spread as of the date of this filing. In Puerto Rico, the governor also declared a national emergency and ordered curfew and lockdowns, among other strict conditions, to avoid the spread of the virus.

18- It is a fact, the community spread is occurring throughout the United States with the number of cases is growing exponentially by the day. Our health systems are already strained, and social distancing measures have been recommended by the Center for Disease Control (CDC). The recommended social distancing measures are nearly impossible to implement and adhere to in detention facilities where detained individuals share dining, bathing and sleeping areas, and testing for the virus in county jails remains largely unavailable. In addition to threatening the well-being of detained individuals, COVID-19 is a threat to corrections staff who necessarily move between the community and the detention facilities where they work.

19- As to medical conditions, petitioner has an obesity condition for which he is currently receiving medication (BMI-35). The CDC has stated obesity as a high

8

risk factor. Furthermore, petitioner has undertaken significant steps towards rehabilitation after the sentence was imposed. He has completed various courses and programs, during his incarceration of **seven (7)** years. Also, petitioner is 10 hours away for completing the Drug Program Course. More importantly, petitioner has kept and exceptional conduct while incarcerated. Such behavior has lowered petitioner's risk classification to out custody. (See, Exhibits Attached)

20- In conclusion, because there is new information that bears on the issue of whether petitioner's release is appropriate in response to the COVID-19 pandemic and in light of the foregoing health and safety concerns posed by incarceration, the defendant respectfully petitions for his release from confinement under the conditions this Honorable Court deems appropriate, including location but not limited to 'home confinement' to serve the remaining of the sentence.

*WHEREFORE*, for the foregoing reasons and case law cited herein, petitioner prays this Honorable Court grants the relief seek herein. Also, vacates the sentence and conviction imposed according to the provisions reforms mention above, and/or grants any other relief this Court deems proper.

Filed the _____ day of May 2020

Respectfully submitted,

Kelvin Martinez
Petitioner Pro Se

9

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY,* under penalty of perjury that the following motion "For Reduction of Sentence and/or Compassionate Relief" filed under Title 21 USC 3582 is true and correct. A copy of the foregoing petition was mailed first class pre-paid to the United States Attorney's Office located at 1st St. Andrew's Plaza New York City, NY 10007.

Kelvin Martinez
Register No: 92027-054
FCI - Danbury
Route 37
Danbury, CT 06811

EXHIBIT I

(Post-Conviction Rehabilitation Certificates)

# Certificate
## of
# Completion

May it be known that this Certificate has been presented to

## KELVIN MARTINEZ

For Completion of the 20 Hour Program

**LIFE COACH**

Presented this 15th Day of December 2018

*Mr. R. Kirsch, Vocational Technical Instructor*

FCI LORETTO

# Certificate of Achievement

This certifies that

**KELVIN MARTINEZ**

has satisfactorily completed

**BASIC PLUMBING**

Consisting of __20__ Hours of Training

This certificate is hereby issued this __28th__ day of __JUNE__, 20 __18__

_B Reasy_

Mr. B. Reasy, ACE Coordinator

# Certificate of Achievement

**This certifies that**

**KELVIN MARTINEZ**

has satisfactorily completed

**HVAC ELECTRICAL THEORY**

Consisting of ___20___ Hours of Training

This certificate is hereby issued this ___28th___ day of ___JUNE___ , 20 _18_

_B Reasy_

Mr. B. Reasy, ACE Coordinator

# Certificate of Achievement

This certifies that

**KELVIN MARTINEZ**

has satisfactorily completed

**STOCK MARKET**

Consisting of ___20___ Hours of Training

This certificate is hereby issued this ___4th___ day of ___January___, 20 __18__

*B Reasy*

Mr. B. Reasy, ACE Coordinator

# Certificate of Achievement

This certifies that

**KELVIN MARTINEZ**

has satisfactorily completed

**ANCIENT CIVILIZATION**

Consisting of __20__ Hours of Training

This certificate is hereby issued this __4th__ day of __January__, 20 18



*B Reasy*

—————————————
Mr. B. Reasy, ACE Coordinator

# Certificate of Achievement

This certifies that

**KELVIN MARTINEZ**

has satisfactorily completed

**CAREER GUIDANCE**

Consisting of __20__ Hours of Training

This certificate is hereby issued this __4th__ day of __January__, __20 18__.



_B Reasy_
Mr. B. Reasy, ACE Coordinator

# Certificate of Achievement

This certifies that

**KELVIN MARTINEZ**

has satisfactorily completed

**PSYCHOLOGY**

Consisting of __20__ Hours of Training

This certificate is hereby issued this __4th__ day of __January__, 20 __18__



_____

_____
*B Reasy*
Mr. B Reasy, ACE Coordinator



# CERTIFICATE

## OF

## COMPLETION

**FEDERAL CORRECTIONAL INSTITUTION MCKEAN**

Bestows this certificate upon

# KELVIN MARTINEZ

In recognition of his successful completion of

**NEW BEGINNINGS.**

January 6, 2017



*Miss K Danielson, AW Secretary*

# Certificate of Achievement

This certifies that

Kelvin Martinez

has satisfactorily completed

## CDL

Consisting of 24 Hours of Training
in the Adult Continuing Education Program.

This certificate is hereby issued this 26th day of July, 2016.



C. Vinelli
A.C.E. Coordinator

C. Vinelli

FCI McKean Education Department



Instructor

# Certificate of Achievement

This certifies that

Kelvin Martinez

has satisfactorily completed

## Law of Attraction

Consisting of 24 Hours of Training
in the Adult Continuing Education Program.

This certificate is hereby issued this 18th day of July, 2016.

_C. Vinelli_
C. Vinelli
A.C.E. Coordinator

Instructor

FCI McKean Education Department

# Certificate of Completion

Awarded to:

## KELVIN MARTINEZ

In recognition of completing *Technical Math* participants have gained an understanding of basic math application like fractions used in various trade applications.

March 31, 2015

M. Smith, Education Specialist

# Certificate of Completion

Awarded to:

## KELVIN MARTINEZ

In recognition of completing *Public Speaking*, giving the students a better understand of speaking, as well as, learning to interact with someone while speaking to them, incorporating visual elements and oral presentations.

March 31, 2015

M. Smith, Education Specialist

# Certificate of Completion

Awarded to:

## KELVIN MARTINEZ

In recognition of completing *The Civil War* highlighting the importance and significance of the most costly war in American history, the Civil War. Studying information in detail about the significant events, people and battles that shape the war, and the background behind it and its effect on the Post-War nation during its duration from 1860-1865.

March 31,2015

M. Smith, Education Specialist



# Certificate of Completion

## Awarded to:

## KELVIN MARTINEZ

In recognition of completing the Algebra I ACE Course conducted through the VT Electric Program at FCI Fort Dix. The above individual has demonstrated a mastery of computations in real and complex sets including literal expressions polynomials, functions and linear equations.

March 31, 2015

Mr. Smith Education Specialist

# Certificate of Completion

## Awarded to:

### KELVIN MARTINEZ

In recognition of completing the Introduction to the NEC ACE Course conducted at FCI Fort Dix. The above individual has demonstrated a mastery of using the NEC codebook to find current applications and safety regulations.

March 31, 2015

Mr. Smith Education Specialist

# Certificate of Completion

## Federal Bureau of Prisons

F.C.I. Fort Dix, NJ



This certifies that

*Mr. Kelvin Martinez 92027-054*

has successfully completed the

## Drug Education Group

this 24th day of February, 2015

~~~~~~~~~~~~~~~~~~~~~~

J. Wilk, Drug Treatment Specialist

# Certificate of Completion

*Awarded to:*

## Kelvin Martinez

*For The Successful Completion Of:*

**The FCI Ft. Dix (W)**
**Spanish Parenting Program (20hrs.)**

Michael S. Smith, Education Specialist

February 9, 2015