UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

KELVIN MARTINEZ,
                           Defendant.

13 Cr. 699 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received a *pro se* application from defendant Kelvin Martinez seeking his compassionate release from FCI Danbury pursuant to 18 U.S.C. § 3582(c), in light of the risk that the COVID-19 pandemic presents for inmates.

On July 24, 2014, following Martinez's conviction at a jury trial, the Court sentenced him to 120 months' imprisonment for possession with intent to distribute five kilograms or more of cocaine and conspiracy to commit the same. *See* Dkt. 66 ("Judgment"). According to the Bureau of Prisons ("BOP"), Martinez's current release date is January 2022.[1]

On May 19, 2020, Martinez submitted a *pro se* letter motion seeking a modification of his sentence based on the COVID-19 pandemic. Dkt. 89 ("*Pro Se* Brief"). On May 20, 2020, the Court directed Martinez's trial counsel to file a supplemental brief in support of this application, and the Government to file a response. Dkt. 90. On May 26, 2020, Martinez's

---

[1] Although the Government correctly notes that Mr. Martinez has approximately 18 months remaining on his sentence, it incorrectly identifies his scheduled release date as January 2023. *See* Dkt. 97 ("Gov't Mem.") at 9. Defense counsel states that he will be statutorily eligible to be considered for placement in a halfway house as early as 18 months prior to this date, Dkt. 99 ("Def. Reply") at 1, although such placement is at the BOP's discretion, *see* Gov't Mem. at 9; *accord* Def. Reply at 1.

counsel filed a supplemental memorandum of law in support of Martinez's application. Dkt. 95 ("Def. Mem."). On May 28, 2020, the Government filed its letter in opposition. Gov't Mem. On May 29, 2020, Martinez filed a reply. Def. Reply.

Martinez asks the Court to "reduc[e] [his] sentence to time served or transfer[] the remainder or a portion of it to home confinement." Def. Mem. at 3. He argues that there are "extraordinary and compelling" reasons to do so pursuant to 18 U.S.C. §§ 3582(c) and 3553(a), and asks the Court to consider the following "combined factors":

> 1) [T]hat he is at risk of serious illness in light of the coronavirus pandemic, generally as an inmate at FCI Danbury and specifically due to his poor health; 2) that he has already served a substantial portion of a lengthy sentence and would have been released already had current law—the First Step Act—been in place when he was originally sentenced; 3) that he is a low risk non-violent offender and does not pose a danger to the community; 4) that he has made great strides toward rehabilitation; and [5] he has children who need his love and support.

*Id.* at 1.

The Government opposes the motion. Gov't Mem. at 1. It argues that Martinez "has not met his burden of demonstrating compelling and extraordinary circumstances for compassionate release, the § 3553(a) factors weigh heavily against his early release, and his request for home confinement is without legal basis." *Id.* at 2–3.[2]

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C.

---

[2] The Government does not contend that Martinez has failed to exhaust his administrative remedies.

§ 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, — F. Supp. 3d —, No. (S4) 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (quoting 28 U.S.C. § 994(t)). Relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[3] U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant must also not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § 1B1.13(2)–(3).

Mr. Martinez argues that he has established an "extraordinary and compelling" basis for compassionate release because he is at risk of serious illness in light of the COVID-19 pandemic. He argues that this is so both because he is incarcerated at FCI Danbury, where he contends there have been multiple cases of COVID-19, and because of his poor health, specifically his obesity and high cholesterol. *See* Def. Mem. at 3–5. The COVID-19 pandemic is indeed extraordinary and unprecedented in modern times in this nation. It presents a clear and present danger to free society for reasons that need no elaboration. And the crowded nature of jails and prisons presents

---

[3] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts. *Ebbers*, 2020 WL 91399, at *1, 4.

3

an outsize risk that the COVID-19 contagion, once it gains entry, will spread.[4] Recognizing that the realities of life as an inmate present added challenges for a heightened-risk inmate who contracts the virus to care for himself, in the past two and a half months numerous courts, including this one, have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences.

The Court, however, is unable to find that Mr. Martinez is at a heightened risk of COVID-19 so as to justify a grant of compassionate release. Mr. Martinez is only 35 years of age. And as the Government notes, and Mr. Martinez does not refute, the CDC does not consider high cholesterol to be a risk factor, and only considers obesity to be a risk factor if it is "severe"—a category that Mr. Martinez concedes does not apply to him. *See* Gov't Mem. at 7 (citing *Groups at Higher Risk for Severe Illness*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last reviewed May 14, 2020)); Def. Mem. at 5. On the record before the Court, therefore, Mr. Martinez is not materially more vulnerable to the effects of COVID-19 than an average (non-high-risk) inmate at FCI Danbury. His circumstances contrast with those of various sentenced defendants whose release this Court has ordered pursuant to § 3582, and of the defendants with cases pending before the Court whose release the Court has ordered pursuant to 18 U.S.C. §§ 3142(i) or 3145(c). *See, e.g., United States v.*

---

[4] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (Mar. 30, 2020, updated May 20, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020) (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

*Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. Apr. 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a four-month sentence); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), 2020 WL 1684062 (S.D.N.Y. Apr. 2, 2020) (ordering compassionate release of defendant with asthma who had served 17 months of a 24-month sentence and was scheduled for release in four months); *United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant with asthma who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application, pursuant to § 3142(i), of 65-year-old defendant with COPD, in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19").

Because Mr. Martinez's medical conditions do not distinguish him from his fellow inmates, the Court concludes that he has failed to proffer the "extraordinary and compelling circumstances" required for release under § 3582(c).[5]  Accordingly, the Court denies Mr. Martinez's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

SO ORDERED.

                                         *Paul A. Engelmayer*
                                         PAUL A. ENGELMAYER
                                         United States District Judge

Dated: June 5, 2020
       New York, New York

---

[5] In light of this finding, the Court need not reach the parties' remaining arguments or assess the other factors set forth in § 3582(c)(1)(A).