UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>KELVIN MARTINEZ,<br>                              Defendant. | 13 Cr. 699 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

Before the Court is defendant Kelvin Martinez's motion for reconsideration of its June 5, 2020 order denying his motion for compassionate release, Dkt. 100 ("June 5 Op."). Dkt. 103 ("MTR Mem."). For the following reasons, the Court denies the motion.

On May 19, 2020, Martinez moved for compassionate release from FCI Danbury pursuant to 18 U.S.C. § 3582(c), in light of the risk that the COVID-19 pandemic presents for inmates. Dkts. 89, 95. Martinez is serving a sentence of 120 months—for possession with intent to distribute five kilograms or more of cocaine and conspiracy to commit the same—with a current release date of January 2022. *See* June 5 Op. at 1. On June 5, 2020, the Court denied the motion, finding that his health conditions did not distinguish him from other inmates. *See generally* June 5 Op.

The Court incorporates by reference the factual background set out in its June 5, 2020 order. *See id.* The Court provides background only to the extent necessary to resolve the pending motion to reconsider. On July 23, 2020, counsel for Martinez submitted a motion to reconsider the Court's June 5, 2020 order denying Martinez's motion for compassionate release. MTR Mem. On August 4, 2020, the Government filed its opposition. Dkt. 105 ("Gov't Mem.").

On August 6, 2020, the Court received a *pro se* letter from Martinez in support of his motion to reconsider.  Dkt. 107.  On August 7, 2020, Martinez filed a reply brief.  Dkt. 106 ("Def. Reply.").

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).

Martinez moves for reconsideration of his compassionate release motion on the ground that the Centers for Disease Control ("CDC") have recently determined that less than "severe" obesity may nevertheless constitute a high risk factor for COVID-19.  MTR Mem. at 1–2.  The Government concedes that "pursuant to the updated guidance from the [CDC]," Martinez's obesity now "constitutes an extraordinary and compelling circumstance under 18 U.S.C. § 3582(c)."  Gov't Mem. at 1.  But the Government opposes Martinez's motion on other grounds, including that "the defendant poses 'a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)'" and that his early release is inconsistent with the sentencing factors under Section 3553(a).  *Id.* at 2.

The Court acknowledges that the original basis for denying Martinez's compassionate release has been overtaken by the updated CDC guidelines.  These, as the Government recognizes, qualify Martinez's obesity as an extraordinary and compelling circumstance.

Nevertheless, the Court does not find that Martinez satisfies the remaining criteria of § 3582(c)(1)(A).

The Government argues that the second factor—danger to the community—disfavors Martinez's early release, as Martinez "undoubtedly harmed individuals in his community and the community more generally" by trafficking more than 11 kilograms of cocaine. Gov't Mem. at 2. Martinez stresses that his offense was itself non-violent. *See* MTR Mem. at 2–3; Def. Reply at 2. The Court is inclined to agree with the Government on this point, viewing narcotics distribution on the scale perpetrated by Martinez to itself endanger the community, even though there is no evidence that violence was used in the service of Martinez's drug dealing. *See* Dkt. 68 ("Sent. Tr.") at 28, 30.

Independently, and more importantly, the Court finds that the application of the § 3553(a) factors today does not favor the reduction in sentence that granting Martinez's motion for release would effect.

To be sure, given the possibility that Martinez might contract COVID-19 in prison, one § 3553(a) factor favors release today that did not at the time of sentencing: "the need to provide the defendant with needed . . . medical care." 18 U.S.C. § 3553(a). But all other § 3553(a) factors continue to favor the original sentence imposed. These include "the nature and circumstances of the offense," and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,] . . . [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a). The Court incorporates by reference its detailed assessment of those factors at sentencing. *See* Sent. Tr. The Court previously determined, consistent with the application of the Sentencing Guidelines, that Martinez's offense required a lengthy sentence to reflect the severity and seriousness of his

3

conduct. Martinez distributed a large volume of cocaine—a deeply addictive drug—and the evidence adduced at trial suggested that his motivation for doing so was primarily the money and lavish lifestyle such conduct afforded. Sent. Tr. at 28.[1] So did the factors of specific deterrence and protection of the public, including because this was not Martinez's first brush with the law; he has two prior convictions. *Id.* at 30. Insofar as those convictions did not deter Martinez from the multi-kilogram cocaine transaction—and the related narcotics conspiracy—for which he was caught in the act and the sentence for which he is presently serving, the Court was unpersuaded that he would refrain from returning to criminal conduct. Accordingly, the Court found the 120-month sentence imposed not only mandatory in light of a statutory mandatory minimum but necessary in light of the § 3553(a) factors. *Id.*

The Court has carefully considered whether a reduction of Martinez's sentence on the scale proposed—he has served 60% of the stated sentence—would fairly reflect these factors. Substantially for the reasons articulated at sentencing, the Court is unpersuaded that a reduced sentence on such a scale is justified. The Court instead finds that a reduction of Martinez's sentence to time served would disserve those factors, viewed holistically. In so finding, the Court does not rule out that a later motion for early release under § 3582(c), made sufficiently deeper into Martinez's sentence and therefore resulting in a lesser reduction of sentence, could be compatible with § 3553(a). Martinez's obesity (in light of COVID-19) and the productive

---

[1] Martinez's advisory Sentencing Guidelines range was 135 to 168 months, reflecting an offense level of 32 and a criminal history category of II. *Id.* at 14. Martinez did not accept responsibility for his offense but instead contested his guilt at trial. His guideline range accordingly did not include the U.S.S.G. § 3E1.1 credit. *Id.* However, in anticipation of the change to the sentencing Guidelines set to take effect four months after Martinez's sentencing, on November 1, 2014, which would have reduced his offense level to 30, the Court treated Martinez's Guidelines range as 108–135 months' imprisonment, with an effective lower bound of 120 months due to the mandatory minimum term attached to Count One. *Id.* at 14–15.

steps he appears to have taken in prison, even if insufficient to justify a grant of compassionate release today, may well justify a somewhat earlier release than his present sentence contemplates. The Court's ruling today therefore is without prejudice to Martinez's right to move again under § 3582(c) for compassionate release at a later point.

Accordingly, finding that the § 3553(a) factors do not support a reduction in sentence, the Court denies Martinez's motion to reconsider its June 5, 2020 order denying his request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: August 12, 2020
   New York, New York